FILED
2022 Apr-12  PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

Sydney McDuffie,

    **PLAINTIFF,**

VS.                                                                        **CV NO.:**

Robinson and Waldrop Landscape
LLC, &
Jeremy Robinson,

    **DEFENDANTS.**                          **JURY TRIAL DEMANDED**

## COMPLAINT

## I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.   PARTIES

2.     Plaintiff, Sydney McDuffie, (hereinafter "Plaintiff") is a resident of Albertville, Marshall County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

3.     Defendant Robinson and Waldrop Landscape LLC ("Defendant RWL") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4.     Defendant Jeremy Robinson (hereinafter "Defendant Robinson"), is an individual and resident of Albertville, Marshall County, Alabama, as well as the owner of Robinson and Waldrop Landscape LLC; he supervised the day-to-day operations of Defendant, Robinson and Waldrop Landscape LLC, meaning that he is an employer as defined by the FLSA.

## III.   STATEMENT OF FACTS

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.     Defendants Robinson hired Plaintiff on or about June 4, 2018.

7.     Defendant RWL employed Plaintiff as a Shop Foreman/Mechanic.

8.     As part of his Shop Foreman/Mechanic's duties, Plaintiff repaired and maintained Defendants' landscaping equipment, including lawn mowers, weed eaters, Bobcats, Dingos, and other machinery not used on public roads.

9.     Defendants terminated Plaintiff's employment on February 4, 2022.

10.    At all times during the employment relationship, Defendants incorrectly classified Plaintiff as an hourly paid, exempt employee.

11.    During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours during a workweek.

12.    Defendants did not pay Plaintiff overtime premium for hours worked in excess of forty during the work week.

13.    When Plaintiff asked about Defendants' failure to pay overtime, Defendant Robinson informed Plaintiff that Defendant RWL's business license was "agricultural" and because of such licensure, Defendants were not required to pay overtime.

14.    Defendant RWL does not operate a farm as defined by 29 C.F.R. § 780.135.

15.    Defendants initially paid Plaintiff $15.00 per hour.

16.    Sometime during 2021, Defendant started paying Plaintiff $17.50 per hour.

17.    For purposes of recording Plaintiff's hours worked, Defendants maintained a seven-day work week that commenced on Monday at 12:00 a.m. and ended on Sunday at 11:59 p.m.

18.    Defendants did not grant Plaintiff the authority to hire employees for the benefit of Defendant RWL.

19.    Defendants did not grant Plaintiff the authority to terminate employees for the benefit of Defendant RWL.

20.    Defendants did not place two or more employees under the supervision of Plaintiff.

21.    Plaintiff's labor performed for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

22.    Defendants did not grant Plaintiff the authority to sign checks or otherwise engage in transactions for its benefit.

23.    Plaintiff did not keep production records or sales records for any employee of Defendant RWL, as part of his job duties.

24.    Plaintiff did not distribute materials, merchandise or supplies to employees in order to maintain control of any of Defendants' employees' use of such expenditures.

25.    Plaintiff's job duties did not require him to provide for the security and/or safety of Defendant RWL's employees.

26.     Plaintiff did not plan or control any aspect of any portion of Defendant RWL's operational budget.

27.     Plaintiff did not monitor or implement legal compliance as part of his job duties performed for the benefit of Defendants.

28.     Plaintiff did not engage in the management or general business operations for the benefit of Defendant RWL, in regard to tax, finance, accounting, budgeting, or auditing.

29.     Plaintiff did not engage in the management or general business operations for the benefit of Defendant RWL, regarding insurance, purchasing, quality control, purchasing or procurement.

30.     Plaintiff did not engage in the management or general business operations for the benefit of Defendant RWL, regarding advertising or marketing.

31.     Plaintiff did not engage in the management or general business operations for the benefit of Defendant RWL, regarding safety and/or health, personnel management, human resources, employee benefits, labor relations, public relations government relations and/or regulatory compliance.

32.     Plaintiff did not engage in the management or general business operations for the benefit of Defendant RWL, regarding computer networking and database administration.

33.     Defendant RWL is a motor carrier as defined by 49 U.S.C. § 13102.

34.     Defendant RWL owns/leases and operates approximately five (5) Isuzu NPR HD trucks and one dump truck.

35.     Plaintiff never drove Defendants' Isuzu NPR HD trucks or the dump truck.

36.     Defendant RWL contracted with vendor mechanics to perform the maintenance necessary to affect the safe operation of its vehicles on public highways.

37.     To the extent Plaintiff performed labor regarding the maintenance of Defendants' vehicles, the labor consisted solely of non-discretionary tasks such as changing headlights bulbs and checking the batteries.

38.     Defendant RWL's "company snapshot", identified on https://safer.fmcsa.dot.gov/, indicates that its carrier operations are "Intrastate Only."[1]

39.     Defendant RWL's employees that drive its vehicles do not have "reasonable expectation" to drive their vehicles outside of the State of Alabama.

40.     Upon information and belief, Defendant RWL does not maintain an Interstate Commerce Commission certificate.

---

[1] See
https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&original_query_param=NAME&query_string=1585618&original_query_string=ROBINSON%20AND%20WALDROP%20LANDSCAPE%20GROUP%20LLC (last accessed April 7, 2022).

41.     Defendant RWL above referenced motor vehicles are not involved in the interstate transportation of goods moving through commerce.

42.     Defendant RWL's employees that operate the above referenced motor vehicles are not required to hold a Commercial Driver's License.

43.     Defendant RWL's employees that operate the above referenced motor vehicles are not required to submit to a United States Department of Transportation medical physical examination.

44.     Defendant RWL's employees that operate the above referenced motor vehicles are not required to maintain a logbook recording their hours operating the vehicle.

45.     Defendant RWL's employees that operate the above referenced motor vehicles are not required to complete daily pre-trip vehicle inspection reports prior to the daily operation of the vehicles.

46.     Defendant RWL's above referenced motor vehicles do not connect with an intrastate terminal (such as a railyard, airport, seaport, or truck terminal) to continue an interstate journey of goods that have yet come to rest at a final destination.

47.     Defendant RWL's above referenced motor vehicles transported the company's lawn mowers, weed eaters, Bobcats, Dingos, and other construction

equipment and supplies owned by Defendant to its various landscape construction sites.

48.    Defendant RWL does not engage in  the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j(g) [2] of title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market as defined by 29 U.S.C. § 203(f).

## IV.   COUNT ONE – FLSA – Overtime Violations

49.    Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-48 above.

50.    At all times relevant to this action, Defendants were an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

51.    During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

52.     During the three years preceding the filing of this Complaint, Defendant RWL was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

53.     During the three years preceding the filing of this Complaint, Defendant RWL gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 per year for quarters ending on December 2021, September 2021, June 2021, March 2021, December 2020, September 2020, June 2020, March 2020, and December 2019, September 2019, June 2019, March 2019.

54.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a workweek on at least one or more occasion.

55.     Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of forty in a workweek.

56.     Defendants incorrectly classified Plaintiff as a non-exempt employee.

57.     As the result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

**V.  PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of his unpaid overtime pay and/or unpaid overtime premium, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper and just.

Allen D. Arnold

Whitney Morgan Brown

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, AL 35223
Telephone:  205-252-1550
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANTS ADDRESSES:**

Robinson and Waldrop Landscape LLC
c/o Jeremy Robinson or Eric Waldrop
1205 Irvin Lane
Albertville, AL 35950

Jeremy Robinson
1205 Irvin Lane
Albertville, AL 35950