IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**SIDNEY MCDUFFIE,**

    **PLAINTIFF,**

**VS.**                                            **CV NO.: 4:22-cv-00463-CLM**

**ROBINSON AND WALDROP
LANDSCAPE, LLC, and JEREMY
ROBINSON,**

    **DEFENDANTS.**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### WITH SETTLEMENT AGREEMENT INCORPORATED HEREIN

COME NOW the Plaintiff, Sidney McDuffie ("Plaintiff"), and the Defendants Robinson and Waldrop Landscape, LLC and Jeremy Robinson ("Defendants"), and jointly move for the Court to approve the Parties' Settlement Agreement, which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

In support of this Motion, the Parties state as follows:

1.     Plaintiff initiated this action against Defendants, alleging that Defendants unlawfully failed to pay overtime premium wages for hours worked in excess of forty during multiple work weeks in violation of the FLSA.

2. Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendants deny Plaintiff is due any relief. As such, this is a disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, including the uncertainty and risk of summary judgment briefings and the outcome of a trial make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for all disputes regarding the FLSA, including payment of minimum wages and overtime wages. The Agreement is set forth below at pages 6-13. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that he is satisfied that he will be fairly and reasonably compensated under the terms of the Settlement Agreement for the alleged unpaid

overtime wages to which each Plaintiff claims to be entitled. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement and (b) Plaintiff has consulted with his counsel of record before agreeing to the Agreement and has entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## *MEMORANDUM OF LAW*

5.    Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

6.	In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

7.	In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiff's FLSA claims against Defendants. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiff contending that Defendants violated the FLSA by failing to pay overtime premium wages for hours worked in excess of forty in various work weeks, and Defendants disputing Plaintiff's factual allegations that activities Plaintiff alleges he performed constituted compensable work under the FLSA as amended by the Portal-to-Portal Act and under, as interpreted by the United States Supreme Court in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014). During the litigation and settlement discussions of this

action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law.  Plaintiff and his undersigned counsel discussed the claims, and the parties formulated his own estimate of Plaintiff's unpaid wages.  Defendants and Plaintiff engaged in a settlement negotiation, wherein the proposed settlement amount was reached for unpaid overtime wages and liquidated damages.

8. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement, and for the Defendants, the risk of a verdict against it on the merits.  The Settlement Agreement provides each Plaintiff with a full recovery of the gross amount of his claimed unpaid overtime wages and a recovery of claimed liquidated damages equal to those unpaid overtime wages sought in this lawsuit for the disputed labor that occurred within the two-year statute of limitations.  To the extent any compromise occurred, Plaintiff compromised by forgoing a full recovery of wages that accrued during the FLSA's third-year statute of limitations recovery period as there is no guarantee that a jury will return a verdict finding that the Defendants willfully violated the FLSA.  The Settlement Agreement provides for payment of attorneys' fees and costs to Plaintiff's counsel for prosecuting this matter, and all such payments represent a fair and reasonable compromise of this matter.  The resolution

of Plaintiff's counsel's attorneys' fees and costs occurred only *after* the parties reached an agreement regarding the Plaintiff's unpaid wages and liquidated damages.

9.     Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## *SETTLEMENT AGREEMENT*

### I. PLAINTIFF'S STATEMENT OF CLAIMS

10.    This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* for equitable and declaratory relief and to remedy violations of the FLSA by Defendants, which have deprived Plaintiff of his lawful wages in regard to hours worked over forty in a work week at a rate below the overtime premium rate. This action was brought to recover unlawful denial of overtime premium wages for hours worked in excess of forty in work week in the form of unpaid overtime wages and an equal amount in liquidated damages owed to the Plaintiff.

11.    Plaintiff contends that during the two-year statute of limitations he worked for the Defendants on various workweeks ending on April 17, 2020 through February 4, 2022. Plaintiff contended that Defendants failed to compensate him overtime premium for hours worked in excess of forty during various work weeks for the claimed two-year recovery period. Plaintiff is not compromising his claims

of Plaintiff's counsel's attorneys' fees and costs occurred only *after* the parties reached an agreement regarding the Plaintiff's unpaid wages and liquidated damages.

9.     Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## *SETTLEMENT AGREEMENT*

### I. PLAINTIFF'S STATEMENT OF CLAIMS

10.    This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* for equitable and declaratory relief and to remedy violations of the FLSA by Defendants, which have deprived Plaintiff of his lawful wages in regard to hours worked over forty in a work week at a rate below the overtime premium rate. This action was brought to recover unlawful denial of overtime premium wages for hours worked in excess of forty in work week in the form of unpaid overtime wages and an equal amount in liquidated damages owed to the Plaintiff.

11.    Plaintiff contends that during the two-year statute of limitations he worked for the Defendants on various workweeks ending on April 17, 2020 through February 4, 2022. Plaintiff contended that Defendants failed to compensate him overtime premium for hours worked in excess of forty during various work weeks for the claimed two-year recovery period. Plaintiff is not compromising his claims

for unpaid wages that for labor performed during the two-year statute of limitations. Defendants deny Plaintiff worked all the hours claimed in any given week as a result of these deductions or that Defendants willfully violated the FLSA. As such, Plaintiff and Defendants agree the facts are those of a disputed FLSA claim.

13. A calculation of each Plaintiff's recovery of unpaid overtime wages is attached herein as **Exhibit A**.

## II. DEFENDANTS' STATEMENT OF DEFENSES

14. Defendants contend that activities for which Plaintiff seeks compensation are not compensable under the FLSA, the Portal-to-Portal Act, and *Integrity Staffing* as the activities were not principal activities Plaintiff was employed to perform or integral and indispensable to those principal activities. Defendants further deny that Plaintiff can prove that any violation of the FLSA was a willful violation such that Plaintiff's recovery period would extend to three years before any proved, violative pay practice.

## III. Settlement Terms

The Parties recognize that the trial of this matter and whether the Defendants operated in "good faith" or acted willfully would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlement.

Plaintiff calculated the total number of regular and overtime hours worked for which Plaintiff claimed Defendants did not pay the Plaintiff the proper overtime compensation for hours worked in excess of forty in a workweek.  Throughout the negotiation process, the Parties discussed the strengths and weaknesses of their respective positions.  Notably, the parties recognized the inherent risks with summary judgment briefings and the difficulties of trial. Plaintiff believes that the amount he will receive pursuant to this settlement reflects a full recovery of the unpaid wages and liquidated damages that accrued during the FLSA's two-year statute of limitations and a fair and reasonable compromise of unpaid overtime wages that accrued during the FLSA's three-year statute of limitations that each could expect to recover if their individual FLSA claims were to prevail at trial. While still denying the scope of liability, Defendants believe that the amount Plaintiff will receive pursuant to this settlement reflects an amount in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages Plaintiff could expect to recover if each were to prevail on the FLSA claims at trial.

Plaintiff's attorneys' fees were negotiated at arm's length, and only discussed after Plaintiff's FLSA claims were resolved.  Defendants agree that the sum of $9,795.00 for attorneys' fees and $572.00 for costs, including recovery of the filing fee and process server fees are fair and reasonable.  As courts have recognized, in

circumstances similar to the instant matter, a lodestar analysis is not always required. *See Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) ("[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.'") (quoting *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); and citing also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel")). As stated in *Bonetti v. Embarq Management Co.*, "the Court finds that the best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and

seriatim,[1] there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The parties have followed practices to ensure that no conflict of interest tainted this resolution.

The method of calculation used in determining the above amounts is reasonable and does not compromise or diminish Plaintiff's recovery, nor did it undermine the broad remedial purpose of the FLSA. It provides Plaintiff with the entire overtime premium wages regarding the disputed hours and pay practices at issue in this case that Plaintiff claims to have worked without overtime premium pay during the permissible two-year liability period and 100% of each Plaintiff's liquidated damages, as mandated by the FLSA, equal to those disputed wages claimed during the two-year liability period.

Plaintiff agrees that the sum of $9,795.00 for attorneys' fees and $572.00 for costs, including recovery of the filing fee and service of process postage, are fair and reasonable. Plaintiff's counsel expended time investigating and drafting the complaint, preparing an individualized damages calculation for the Plaintiff that analyzed every paycheck on a week-by-week basis, drafting and serving discovery, time negotiating with Defendants, and the present settlement agreement. Defendants

---

[1] https://www.law.cornell.edu/wex/seriatim (last accessed January 25, 2023) (Seriatim is a Latin word meaning consecutively. The word can be used in a variety of legal contexts. For example, a panel of judges can give their opinions orally seriatim, one after another.).

have agreed that this amount be awarded to counsel for Plaintiff.  Defendants have agreed to pay this amount in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and a possible fee petition.

Plaintiff understands that the total amount to be paid to them and their counsel is calculated as described above.

Accordingly, Plaintiff and his counsel will receive the following payments within fourteen days of the Court's Order granting this Motion and Approving the Parties Incorporated Settlement Agreement, wherein Defendants shall tender the following:

A Payroll Check (less applicable taxes and withholdings) made out to Plaintiff in the amount of $4,812.69 (less applicable taxes and withholdings).  Defendants shall issue Plaintiff a W-2 for the payroll check payment rendered to Plaintiff as set out above.  Defendants shall pay in the amounts withheld from the payroll checks to the appropriate taxing agencies and authorities.  Defendants shall be responsible for any employer matching share of said withholdings.

A lump sum check made out to Plaintiff in the amount of $4,812.69. Defendants shall issue Plaintiff a 1099-MISC for payments rendered to Plaintiff as set out above.  Plaintiff shall be held responsible for all taxes owed on said payments.

Case 4:22-cv-00463-CLM   Document 20   Filed 03/02/23   Page 12 of 14

A lump sum check in the amount of $10,367.00 made out to Allen D. Arnold, LLC for attorneys' fees and costs.

Defendants shall issue Allen D. Arnold, LLC, a 1099 for payments to rendered to Allen D. Arnold, LLC. Allen D. Arnold, LLC, shall be held responsible for all taxes owed on said payments.

Defendants agree that Plaintiff's counsel may seek attorneys' fees and costs to enforce any portion of this agreement.

The Parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claims. The Parties represent that they engaged in a good faith, arms' length negotiations in an effort to resolve the matter. The record indicates that a bona fide dispute existed regarding Defendants' meal period deductions were legitimate and whether its actions were a violation of the FLSA.

The Parties request that the Court retain jurisdiction of this case to enforce the settlement terms. If post-settlement issues require litigation, the Court may award reasonable attorney fees to the Plaintiff.

A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as **Exhibit B**.

## **CONCLUSION**

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees and costs. Undersigned counsel for Plaintiff affirms to the

12

Court that he has authority from his client and from Defendants to submit the above settlement agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT ALLEN D. ARNOLD WILL E-FILE THE FOREGOING *JOINT MOTION FOR SETTLEMENT APPROVAL WITH INCORPORATED SETTLEMENT AGREEMENT*.

Date: March 2, 2023

/s/ *Allen D. Arnold*                                    /s/ *William Hancock*
_____    _____
Allen D. Arnold, Attorney at Law              William Hancock
Allen D. Arnold, LLC                                   Galloway Scott & Hancock LLC
6 Office Park Circle, Ste. 209                    2200 Woodcrest Place, Ste. 310
Mountain Brook, AL 35223                       Birmingham, AL 35209
Office – 205.252.1550                                Office – 205.949.5580
Facsimile – 205.469.7162                          Facsimile – 205.949-5581
Counsel for the Plaintiff                             Counsel for Defendants
ada@allenarnoldlaw.com                          Will.hancock@gallowayscott.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served via the Court's CM/ECF system to the following:

William Hancock
Laura Decker

 

_____
Of Counsel